IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OLGA MARY LANSING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10cv1305(JCC/IDD) |
| | ) |
| JOHN McHUGH, | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's ("Lansing" or the "Plaintiff") Motion to Revert Order, [Dkt. 19], and Response to Defendant's Memorandum Opinion, [Dkt. 23] (together, the "Motions"). For the following reasons, the Court will construe the Motions as a motion to reconsider and will deny Plaintiff's Motions.

### I. Background

A. Factual Background

On September 18, 2009, around 9:30 a.m., while driving into the Buckner gate entrance of the United States Army (the "Army") facility Fort Shafter, Hawaii, Plaintiff drove her car into a two-foot tall security wall. (Complaint [Dkt. 1] ("Compl.") at 1.) According to Plaintiff, the accident resulted in nearly $12,000 in damage to her vehicle and life-long health

1

damage, namely whiplash. (Compl. at 1.) Plaintiff alleged that in creating the security bypass, the "Public Works failed to provide for safe passage[,]" by failing "to clear the pavement and obstructing walls." (Compl. at 1.) Plaintiff further alleged that since her accident, the wall has been demolished, the road repaved, and the landscape surrounding the site changed. (Compl. at 1.) Plaintiff sought $120,000 in damages. (Compl. at 1.)

    B.    Procedural Background

Plaintiff filed her Complaint on November 18, 2010, alleging an action in tort against Defendant the United States[1] (the "United States" or the "Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (the "FTCA"). [Dkt. 1.]

On January 18, 2011, the United States filed a motion to dismiss. [Dkt. 5.] On March 8, 2011, this Court granted that motion and dismissed the Plaintiff's Complaint for lack of jurisdiction. [Dkt. 15.] On March 31, 2011, Plaintiff filed her Motion to Revert Order, [Dkt. 19], and on April 5, 2011, Plaintiff filed her Response to Defendant's[2] Memorandum Opinion of March 8, 2011, [Dkt. 23]. The Government has not opposed the Motions.

Plaintiff's Motions are now before the Court.

---

[1] Plaintiff named John McHugh, Secretary of the Army, as defendant, but the United States is the appropriate defendant in claims filed pursuant to the Federal Tort Claims Act. See 28 U.S.C. § 2679.
[2] The March 8, 2011 Memorandum Opinion is the Court's and not Defendant's.

## II. Analysis

Plaintiff does not cite any Federal Rule of Civil Procedure pursuant to which she moves this Court for to "revert" its March 8, 2011 Order or by which she responds to this Court's March 8, 2011 Memorandum Opinion. Plaintiff's Motions, however, make clear that she contests, and seeks some relief from, the Court's March 8, 2011 Order, so this Court will construe the Motions as a motion for reconsideration.

### A. Standard of Review for Motion for Reconsideration

"Motions for reconsideration pursuant to [Federal Rules of Civil Procedure] 59(e) and 60(b)(6) are considered to be requests for an 'extraordinary remedy' reserved only for 'extraordinary circumstances' in which: (i) there is an intervening change in the law; (ii) new evidence not [previously] available . . . has been discovered; or (iii) a clear error of law must be corrected in order to prevent manifest injustice." *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 546 (E.D. Va. 2010).

### B. Analysis

Here, relief from this Court's dismissal of Plaintiff's Complaint is unwarranted under either Rule 59(e) or Rule 60(b)(6). Plaintiff has made no showing of (i) an intervening change in controlling law, (ii) new evidence that was not available to her previously, or (iii) a clear error of

3

law or manifest injustice that would otherwise result. Plaintiff's argument boils down to "[t]his Federal Court has personal and subject jurisdiction of the matter." (Motion to Revert [Dkt. 19] at 1.) For the reasons set forth in this Court's March 8, 2011 Memorandum Opinion, this Court dismissed this case because it fell within the discretionary function exception to the FTCA, and, thus, this Court lacked jurisdiction to hear the case. *See Williams v. United States*, 50 F.3d 299, 304-05 (4th Cir. 1995) (stating that "if the discretionary function exception applies to limit the waiver of sovereign immunity, the jurisdictional grant is not available, and the federal court lacks jurisdiction to hear the case").

Plaintiff simply disagrees with this Court's dismissal, and accordingly, the proper avenue for contesting the dismissal on this ground is to appeal the decision to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal within 60 days of the entry of the Court's March 8, 2011 Order, as stated in that Order.

### III. Conclusion

For these reasons, the Court will deny Plaintiff's Motions.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 27, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |